1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ULTIMA MOBILE BOTTLING, INC,

Plaintiff,

v.

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY,

Defendant.

Case No. 21-cv-09944-JD

**ORDER RE MOTION TO DISMISS**

In this insurance coverage dispute, plaintiff Ultima Mobile Bottling, Inc. was sued in a case brought by West Villa Winery LLC in Sonoma County Superior Court. Dkt. No. 39. Ultima tendered its defense and indemnity to its insurer, defendant Nationwide Agribusiness Insurance Company, which rejected the tender. *Id*. ¶ 16. Plaintiff and Wise Villa settled the underlying action on the eve of trial. *Id*. ¶ 19.

Ultima alleges three claims against Nationwide: breach of contract, breach of the implied covenant of good faith and fair dealing, and a claim for declaratory relief. *Id*. ¶¶ 20-37. All three claims arise out of Nationwide's denial of coverage. *See id*. ¶ 22 ("Defendants breached the contract of insurance by failing to provide a defense or indemnity to the claims made in the Complaint."); ¶ 27(e) ("Defendants violated the covenant of good faith and fair dealing by . . . unreasonably denying Plaintiff's claim"); ¶ 32 ("Plaintiff contends that Defendants must reimburse Plaintiff for the defense costs it incurred in connection with the Underlying Action, and that Defendants wrongfully denied their coverage obligations to Plaintiff.").

Nationwide asks to dismiss Ultima's complaint under Federal Rule of Civil Procedure 12(b)(6), on the argument that Ultima "fails to state a claim as a matter of law because the allegations of the underlying action, captioned *Wise Villa Winery LLC v. Ultima Mobile Bottling,*

United States District Court
Northern District of California

1    *Inc.*, Sonoma County Superior Court, Case No. SCV-266433, triggered no duty to defend under

2    the relevant insurance policy." Dkt. No. 40.  Dismissal is granted, with leave to amend.

3           Under the operative insurance policy, Nationwide agreed to "pay those sums that the

4    insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property

5    damage' to which this insurance applies." Dkt. No. 40-1, Ex. B at EXHIBIT B-21.[1]  The

6    insurance applies to "property damage" only if it was "caused by an 'occurrence.'" *Id.*  "Property

7    damage" includes "[p]hysical injury to tangible property" and "[l]oss of use of tangible property

8    that is not physically injured," and "occurrence" means "an accident, including continuous or

9    repeated exposure to substantially the same general harmful conditions." *Id.* at EXHIBIT B-35.

10          "A liability insurer owes a broad duty to defend its insured against claims that create a

11   potential for indemnity," and the "carrier must defend a suit which *potentially* seeks damages

12   within the coverage of the policy." *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287,

13   295 (1993) (cleaned up; emphasis in original).  "The determination whether the insurer owes a

14   duty to defend usually is made in the first instance by comparing the allegations of the complaint

15   with the terms of the policy.  Facts extrinsic to the complaint also give rise to a duty to defend

16   when they reveal a possibility that the claim may be covered by the policy." *Id.* (quotations

17   omitted).

18          The problem for Ultima is that the Wise Villa complaint did not allege property damage

19   resulting from an occurrence, *i.e.*, an accident.  Rather, the complaint alleged that Wise Villa hired

20   Ultima to filter and bottle its wine, and the wine was damaged by acts or omissions of Ultima,

21   including "contamination or improper filtration of the wine during the filtering and/or bottling

22   process." Dkt. No. 40-1, Ex. A ¶¶ 5-6.  In effect, Wise Villa alleged that its wine was damaged

23   because Ultima performed its work incorrectly, coverage for which is plainly excluded under the

24   Nationwide insurance policy.  *See* Dkt. No. 40-1, Ex. B at EXHIBIT B-24 - B-25 (listing under

25   "Exclusions," "'Property damage' to . . . [t]hat particular part of any property that must be

26   restored, repaired or replaced because 'your work' was incorrectly performed on it.").

27

28   _____

[1] The unopposed request for incorporation by reference is granted.  Dkt. No. 40-1.

United States District Court
Northern District of California

1    In addition, Ultima has not pleaded in its complaint against Nationwide any "[f]acts

2 extrinsic to the [underlying] complaint" that might "give rise to a duty to defend" by "reveal[ing] a

3 possibility that the claim may be covered by the policy." *Montrose Chemical*, 6 Cal. 4th at 295.

4 With respect to Wise Villa's wine, Ultima's complaint states only that "[t]he sole allegation stated

5 in [Wise Villa's] complaint . . . was that Plaintiff contaminated or improperly filtered the wine

6 during the bottling process which damaged Wise Villa's wine." Dkt. No. 39 ¶ 15. So Ultima's

7 allegations, too, fail to plead an "occurrence" that might bring Wise Villa's claim against Ultima

8 under the scope of Ultima's insurance policy with Nationwide.

9    Consequently, as the pleadings stand, Ultima's allegations fail to show that "the underlying

10 claim *may* fall within policy coverage." *Mirpad, LLC v. Cal. Ins. Guarantee Ass'n*, 132 Cal. App.

11 4th 1058, 1068 (2005) (quotations omitted; emphasis in original). Dismissal of the first amended

12 complaint is granted on that basis.

13    Ultima has requested an opportunity to amend, Dkt. No. 43 at 10-11, and at this stage of

14 the case, there is no good reason to deny that request. Ultima may file an amended complaint by

15 April 29, 2024. The amended complaint may not add parties or new claims without express leave

16 of Court. The case deadlines set by the amended scheduling order, Dkt. No. 51, are stayed

17 pending further order.

18    **IT IS SO ORDERED.**

19 Dated:  March 29, 2024

20

21

22    JAMES DONATO
    United States District Judge

23

24

25

26

27

28

3